UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KOREA TRADE INSURANCE
CORPORATION,

                          Plaintiff,

    -v-

NEEMA CLOTHING, LTD.

                          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/25/2014

11 Civ. 8980 (JMF)

MEMORANDUM OPINION
AND ORDER

      Upon review of the parties' memoranda of law (Docket Nos. 27, 30-31), the Court concludes that it does have subject-matter jurisdiction over Plaintiff's petition insofar as it seeks a turnover order based on an alleged fraudulent conveyance to James Ammeen, Sr.  As Ammeen and Defendant all but concede (Docket No. 29, at 1-3), that conclusion is compelled by the Second Circuit's decision in *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100 (2d Cir. 2001), which held that a proceeding "to set aside a fraudulent conveyance . . . [is] 'within the ancillary jurisdiction of the District Court.'"  *Id.* at 104.  At the same time, as Plaintiff effectively concedes (Docket No. 27, at 2-3 & n.4; and Docket No. 31, at 1), *Epperson* also compels the conclusion that the Court lacks subject-matter jurisdiction over Plaintiff's petition to the extent it brings independent claims against Ammeen based on theories of alter ego and veil piercing.  *See Epperson*, 242 F.3d at 104 (noting that "an action to establish liability on the part of a third party . . . must have its own source of federal jurisdiction, so that absent an independent basis for federal jurisdiction a new defendant may not be haled into federal court").  Accordingly, the petition is dismissed insofar as it brings claims against Ammeen on those theories.

      Substantially for the reasons set forth in Plaintiffs' memoranda, the Court will retain

jurisdiction over the petition to the extent it seeks a turnover order on the basis of an alleged fraudulent conveyance, and will not require Plaintiff to file a new action. Accordingly, Defendant and Ammeen are directed to file any opposition to that portion of the petition no later than **July 11, 2014**; any reply shall be filed by **July 18, 2014**.

    The Clerk of Court is directed to reopen this case.

    SO ORDERED.

Dated: June 25, 2014
       New York, New York

JESSE M. FURMAN
United States District Judge